Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>CHARLES ROLAND CHEATHAM,<br><br>Defendant. | No. CR18-131RAJ<br><br>Ninth Circuit Court of Appeals<br>No. 18-30210<br><br>FINDINGS OF FACT AND CONCLUSIONS OF LAW RE: ORDER ON MOTION TO REVIEW ORDER OF DETENTION |

THIS MATTER comes before the Court upon remand by the Ninth Circuit Court of Appeals for the limited purpose of enabling this Court to state the reasons for its order denying defendant Charles Roland Cheatham's motion for bail pending trial, including factual findings concerning risk of flight and danger to the community.

The Court, having considered defendant's Motion to Review Order of Detention, the government's response, defendant's reply, and the files and pleadings herein, denied defendant's motion and ordered defendant detained pending trial based on the following findings of fact and conclusions of law:

The indictment charges defendant with multiple drug offenses including Conspiracy to Distribute Controlled Substances and multiple counts of Possession with Intent to Distribute. In total he is charged in 25 of the counts of the indictment. If proven, these charges would result in a mandatory minimum sentence of ten years. There is therefore a rebuttable presumption that defendant be detained both as a flight risk and danger to the community.

In challenging the flight risk presumption, defendant asserts that he is a life-long resident of this district and has a history of making his court appearances, including a guilty plea and sentencing for a state court prosecution.

In challenging the danger to the community presumption, he asserts that he has no history of violence other than a 26-year-old juvenile conviction and a 16-year-old domestic violence conviction. He also denies any gang affiliation and represents he has been misidentified as a gang member due to his race (African American) and his ties to the Central District. Last, he denies that he possessed firearms.

The government's response by way of proffer significantly contradicts the defendant's characterizations of his eligibility for release from detention.

Defendant is a danger to the community based on his alleged role in this large drug trafficking conspiracy that allegedly involves more than seven kilograms of heroin, multiple kilograms of cocaine, and several pounds of methamphetamine. The government's proffer further identifies the defendant's lengthy criminal history which includes four prior felony convictions, including priors for drug violations and an unlawful possession of a firearm from 2010. He also has misdemeanor convictions for assault and eluding.

The defendant also appears to be one of the lead or major participants in the overall case. The government's proffer notes that defendant was repeatedly intercepted during the wiretap investigation discussing drug deals with most of the co-defendants charged in the indictment. For example, in November 2017,

defendant and co-defendant Michael Davis were intercepted discussing traveling to the Los Angeles area to obtain kilogram-quantities of cocaine and heroin. There is wiretap evidence of numerous conversations between defendant and co-defendant Marcus James Hall pertaining to drug deals, specifically on February 13, 2018, February 15, 2018, February 16, 2018, and February 18, 2018. Defendant was intercepted discussing kilogram quantities of cocaine with co-defendant Luis Perez-Cruz on February 20, 2018.

The government's proffer further shows on November 27, 2017 and March 8, 2018, defendant was seen by agents conducting suspected drug deals after wiretap-intercepted calls with co-conspirators.

Should he be released from custody there is a risk that defendant will continue to deal or direct others to deal controlled substances, presenting a grave threat to the community.

The Court finds defendant presents a further danger to the community based on the government's proffer that he is associated with a gang. The government's proffer presents persuasive evidence that defendant is a member of the local Black Gangster Disciple gang. According to the proffer, during the wiretap, defendant was intercepted discussing the activities of confirmed members of this gang. Defendant was intercepted discussing firearms, as well as past violent acts. According to the government, during wiretapped conversations defendant boasted of having a pistol in his pocket during an altercation with a man in a casino.

The evidence suggests the firearms recovered at the residence used by defendant at the time of the execution of the search warrant in this matter belonged to him. As agents began their entry to execute the search warrant at the residence, an officer saw someone throw an object out of the window of the second-floor master bedroom. Officers recovered the object and determined it to be a loaded 9mm Springfield semiautomatic pistol. After making entry into the residence, agents discovered defendant in that same master bedroom and arrested him. During

a search of the master bedroom, agents found a matching holster for the 9mm Springfield semiautomatic pistol that was thrown out the window and recovered outside. At this juncture, this is at least circumstantial evidence that the firearm belonged to the defendant.

In addition, defendant has a 2009 state conviction for unlawful possession of a firearm and Violation of the Uniform Controlled Substances Act. The totality of the alleged conduct in the instant case and his past association with firearms and criminal activity indicate his dangerousness to the community.

Based on the evidence presented, the Court finds defendant is a risk of flight. The government alleges a multi-state conspiracy. During the investigation, defendant traveled out of the jurisdiction, allegedly to obtain narcotics. As set forth above, there has been evidence presented of wiretapped discussions between defendant and co-conspirator Michael Davis relating to travel to the Los Angeles area to obtain large amounts of narcotics. During the execution of a search warrant upon the residence used by defendant, law enforcement agents recovered approximately $305,000 in cash. The government indicates defendant may have access to further financial resources which could be used to fund flight from the jurisdiction. While defendant is a long-term resident of this jurisdiction, should he be convicted, he faces a considerable term of incarceration, giving him a reason to flee. Therefore, the Court finds defendant has the incentive and the means for flight.

In light of the foregoing, the defendant's proposal to allow him to reside with his 20-year-old daughter if released by this court is unpersuasive as a justification for his release from detention.

///
///
///
///
///

For the above reasons the Court does not believe there are conditions of pretrial release sufficient to ensure the safety of the community and to deter defendant from fleeing the jurisdiction, and for those reasons the Court entered its order that defendant should remain in custody pending trial in this matter.

DATED this 13th day of November, 2018.

_____
The Honorable Richard A. Jones
United States District Judge