HONORABLE RICHARD A. JONES

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

UNITED STATES OF AMERICA,

       Plaintiff,

  v.

CHARLES RONALD CHEATHAM,

       Defendant.

Case No. CR18-00131 RAJ-001

ORDER ON DEFENDANT'S
MOTION FOR SENTENCE
REDUCTION

     THIS MATTER comes before the Court on Defendant Charles Cheatham's Pro Se motion seeking a reduced sentence under 18 U.S.C. § 3582 (c) (1) (A). The Defendant acknowledges that he is only seeking sentence reduction based upon Count 35 of the Indictment, that charged the applicable 18 U.S.C § 924 (c) count. Dkt.1698, at 13. He is currently serving his sentence at FCC Lompoc, Satellite Camp, Lompoc, California. Defendant's submissions do not appear to challenge his guilt on the two conspiracy charges or contest that he possessed/carried a firearm.

     In support of his request, Mr. Cheatham points to a variety of factors he contends support his position. First, there were insufficient facts to convict him of Count 35. Second, he contends the indictment, plea agreement and facts combined do not support beyond a reasonable doubt that he "carried a firearm during and in relation to a drug

ORDER – 1

trafficking crime." Dkt. 1663, at 2.  Third, that there are no set of established facts that the Defendant carried a firearm, actively participated in a drug transaction with respect to any firearm, possessed the firearm to promote or facilitate the underlying crime. Dkt. 1663, at 2.  And last, he contends he was instructed to plead guilty to facts that do not meet the elements to support a relationship between the firearm and the underlying offense.  Dkt. 1663, at 2.

The Defendant's motion presents a revisionist recollection of the facts and circumstances of his case.  The Court first turns to the essence of the facts the Defendant admitted to in his plea agreement.  Under the Statement of Facts section of his plea agreement (Dkt. 1086) the Defendant under oath agreed to facts that included the following:

> t.      In addition to the drug evidence and cash, investigators recovered five firearms, all loaded.  These firearms included a Springfield 9mm XD semiautomatic pistol.  Defendant used and carried this firearm and threw this firearm from the window in the master bedroom as investigators knocked and announced before making entry to execute the search warrant.  Defendant carried this firearm during and in relation to the conspiracy to distribute controlled substances, and that he did so to protect himself, his drugs, and his drug proceeds from others.
>
> u.      Investigators also recovered a Glock 9mm semiautomatic pistol, recovered from a spare bedroom; another Glock .40 caliber semiautomatic pistol, purchased by Defendant, from a vehicle on the property; a Jennings .22 semiautomatic pistol in a common area closet on the first floor; and a Remington 12-guage shotgun from the garage.

This Defendant's revisit of the facts admitted to under oath clearly indicate there were more than sufficient facts to support his guilty plea.  The admissions he made about the volume of drugs and direct association with these firearms unquestionably support the conclusion that he "carried" a firearm "during and in relation to" a drug crime.  The Defendant's current perception appears to be little more than remorse over the entry of his plea versus the absence of facts to support that plea. This Court received the Defendant's plea of guilty and completely recollects that the elements of the charges,

ORDER – 2

including Count 35, were covered during the colloquy with the Defendant.  The Court further recollects inquiring of the Defendant if his plea was due to pressure or promises to which the Defendant indicated it was not.

The Court agrees with the Government that the Defendant cannot now attempt to contradict the factual basis for his guilty plea.  The Court further adopts the analysis of the Government as reflected in their Response to Motion for Reduced Sentence. Dkt. 1677, at p. 12.  The Defendant admitted to facts clearly establishing the basis to support his guilty plea to Count 35.

The Defendant further contends his lawyers were ineffective for allowing him to plead guilty to Count 35.  His justification for this claim is that there was insufficient evidence in the discovery to support Count 35.

Defendant's second guessing of his attorney's advice does not change the outcome.  The Court agrees with the Government, the Defendant had more than ample time to file a 2255 motion and if that is his current desire, his request is declined as being untimely.  As noted by the Government, his conviction became final as of the date the Supreme Court denied his petition for certiorari, on February 23, 2022.  Dkt. 1573. While there are exceptions to the filing deadline, the Defendant has failed to articulate one that applies to his circumstances.  Had he wished to pursue a 2255 motion, it had to be filed no later than February 23, 2023.  This motion was filed on July 10, 2023, and is thus untimely.

Moreover, the record reflects an aggressive motions practice by his attorneys, including an interlocutory appeal of this Court's detention order and two motion to suppress.  Nothing in the record suggest anything less than competent counsel representing a now disgruntled defendant about the length of his sentence.

Last, the Court turns to the defendant's request to reduce his sentence.  A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States,* 560 U.A. 817, 819 (2019) (quoting 18 U.S.C. § 3582(c).

ORDER – 3

A District Court has authority pursuant to 18 U.S.C. § 3582(c)(2), to reduce a defendant's sentence under certain limited circumstances. The applicable provision in § 3582 (c)(1) permits this Court to reduce a sentence if, after considering the factors set forth in 3553(a), the Court "finds that" extraordinary and compelling reasons warrant such reduction" "and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

Title 18 U.S.C. § 3582 (c) provides that a court "may not modify a term of imprisonment once it has been imposed," unless one of three exceptions apply. One of those is a motion under 18 U.S.C. § 3582(c)(1)(A).

The Defendant contends, and the Government does not contest, that he has met the exhaustion requirement. Having done so, this Court is to consider whether a reduction is appropriate under the factors in 18 U.S.C. § 3553 (a).

The overwhelming evidence in this case militates against granting the Defendant's assertion for a reduced sentence. Rather than repeat the arguments of the Government, the Court adopts the recitation of facts justifying denial of the Defendant's request. Dkt. 1677, at pgs. 16-17.

Having thoroughly considered the parties' briefing, and the relevant record, the Court finds oral argument unnecessary and hereby **DENIES** the motion.

For the foregoing reasons, the Defendant's Motion for Sentence Reduction is **DENIED.**

DATED this 10th day of May, 2024.

The Honorable Richard A. Jones
United States District Judge

ORDER – 4